# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

TONY N. HILBURN,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

    Defendant.

Case No. 13-CV-825-FHM

## OPINION AND ORDER

Plaintiff, Tony N. Hilburn, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's May 6, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held July 24, 2012. By decision dated August 1, 2012, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 30, 2013. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 29 years old on the alleged date of onset of disability and 33 on the date of the ALJ's denial decision. He has a seventh grade education and formerly worked as dishwasher and construction laborer. He claims to have been unable to work since March 28, 2008 as a result of back pain.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) for performing light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with some postural limitations. He can occasionally operate foot controls and reach overhead. He has a slight limitation in fingering, feeling, and gripping. He can use his hands, but must not do extensive amounts of small tedious tasks. He has a slight limitation in twisting and nodding of the head. He should avoid rough uneven surfaces, unprotected heights, and cold environments. He should have easy access to restrooms. The work should be simple, repetitive, and routine due to his education level. He has a slight limitation in contact with

the public due to pain and irritability. Further, he will find it necessary to change position from time to time to relieve his symptomology. [R. 15].

Although Plaintiff is unable to perform his past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in rejecting the opinions of his treating physician.

## **Analysis**

A Physical Medical Source Statement dated August 9, 2012 was completed by Plaintiff's treating physician, Clinton Scott Anthony, D.O. [R. 340-341]. This piece of evidence was not before the ALJ, but was submitted to the Appeals Council as permitted by the relevant regulations 20 C.F.R. §§ 404.970(b), 416.1470. The Tenth Circuit has ruled that such "new evidence becomes part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence." *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Accordingly, even though the court may not reweigh the evidence or substitute its judgment for that of the Commissioner, *O'Dell* requires the court to review the new evidence to determine whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence.

The Appeals Council reviewed the statement and had this to say about it:

3

> Your representative submitted what was represented to be a treating source statement from a treating pain specialist and asserted that this validated your statements and claims of disability (Exhibits 11E and 15F). The signature on the form is illegible. The form is a checkbox assessment form and provides not [sic] real explanation or justification for the assessments; it says see notes, but the form was not accompanied by treatment notes and the record that was before the Administrative Law Judge did not support the extreme assessments that were provided on the form. The unexplained, unjustified assessments on the check-box form, which bore an illegible signature, have been considered and compared to the evidence of record and we have determined that the credible evidence of record does not support the assessment or warrant a change in the Administrative Law Judge's findings or decision; therefore, we have found that this information does not provide a basis for changing the Administrative Law Judge's decision and we have denied your request for review.

[R. 2]. Plaintiff argues that the Appeals Council erred in rejecting the opinion contained in the Physical Medical Source Statement. According to Plaintiff, the Appeals Council's assessment of the Medical Source Statement is not consistent with the requirements for evaluating treating physician opinions.

The Commissioner is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record. *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004). If the Commissioner rejects the opinion completely, specific legitimate reasons for doing so must be given. *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). However, the Appeals Council is not required to provide a written analysis of its consideration of new evidence submitted to it. *Martinez v. Barnhart*, 444 F.3f 1201, 1207-08 (10th Cir. 2006). The court rejects the lack of discussion by the Appeals Council

as a basis for reversing the ALJ's decision. When new evidence is submitted to the Appeals Council, the question for the court on appeal is whether, even considering this new evidence, the ALJ's decision is supported by substantial evidence. *O'Dell*, 44 F.3d at 859.

Regardless of whether the Appeals Council was *required* to supply an analysis of the new evidence, the court finds that the Appeals Council's rejection of the restrictions contained on the form completed by Dr. Anthony for the reason "the credible evidence of record does not support the assessment or warrant a change in the Administrative Law Judge's findings or decision" is supported by substantial evidence. In addition, the court has reviewed the new evidence and finds that, even considering Dr. Anthony's opinion, the ALJ's decision is supported by substantial evidence.

The ALJ's decision contains a synopsis of Dr. Anthony's records. [R. 18, 19, 278, 281-283, 331-338]. The records consist of five letters written to Judge David Reid dated April 18, 2011, June 20, 2011, October 25, 2011, February 12, 2012, and June 26, 2012. The April 18, 2011 letter contains a report of a physical examination which reflects that Plaintiff moves about the room in a poor fashion, uses a cane to ambulate, he can stand on both heels and toes with effort, has discomfort across the lower lumbar spine with muscle spasms, he has a reduced ability to flex and extend, no strength deficits, and normal reflexes. [R. 282]. The June 20, 2011 letter records Plaintiff's next encounter with Dr. Anthony. There Dr. Anthony reports: the results of a change in Plaintiff's medications; he has been more active; and his pain is better controlled. [R. 278]. Dr. Anthony concludes "utilizing this relatively conservative medication regimen, we have been able to improve his function." *Id.* This improvement is borne out by the results of the consultative examination performed on July 11, 2011 where it was reported that Plaintiff moved around

the room easily, ambulated with a stable gait at appropriate speed without assistive device, had decreased range of motion in flexion and rotation to the left, straight leg raising was positive in seated and supine position on left, negative on right, toe and heel walking was normal, and there were no strength or reflex deficits. [R. 288]. Subsequently, on October 25, 2011, [R. 333], February 27, 2012, [R. 331], and June 26, 2012, [R. 337], Dr. Anthony reported changes in Plaintiff's medications, expressed his opinion that Plaintiff needs to become more active, [R. 331], and most recently noted that Plaintiff is functioning at a reasonable level, [R. 337]. The court finds that the ALJ's decision demonstrated he considered Dr. Anthony's records in developing the RFC. Considering the content of Dr. Anthony's records, the court finds that even considering the new evidence, the decision is supported by substantial evidence. The evidence of record does not support the extreme restrictions of sitting a total of three hours per day, standing one hour per day, walking one hour per day, or missing three days of work per month. [340-341].

## **Conclusion**

The court finds that the Commissioner evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the denial decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 13th day of March, 2015.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

6